UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80472-CIV-ZLOCH/ROSENBAUM

JCW SOFTWARE, LLC, a Florida
limited liability company,

    Plaintiff,

vs.

EMBROIDME.COM, INC., UFG GROUP, INC,
RAY TITUS, WALTER SELTZER,
MONICA MARKULIN, and JIM LEHFELDT,

    Defendants.
_____/

## ORDER

This matter is before the Court upon Plaintiff's Motion to Compel Better Answers to the First Set of Interrogatories Propounded Upon Defendant, Embroidme.com, Inc. ("Motion to Compel"), [D.E. 41] and Defendants Embroidme.com, Inc. and Monica Markulin's Motion for Protective Order to Quash Plaintiff's 3,807 Requests for Admissions and Corresponding Interrogatories ("Motion for Protective Order"). [D.E. 43]. The Motions are before me pursuant to an Order of Referral entered by the Honorable William J. Zloch. [D.E. 70]. I have carefully reviewed the Motions, Responses, Replies, and the case file. I also heard oral argument from counsel for the parties at a hearing conducted on May 26, 2011. For the reasons set forth below, the Court grants Defendants' Motion for Protective Order [D.E. 43] and grants in part and denies in part Plaintiff's Motion to Compel. [D.E. 41].

**A.  Defendants' Motion for Protective Order**

Defendants Embroidme.com ("Embroidme") and Monica Markulin ("Markulin") (collectively referred to as "Defendants") seek for the Court to enter a protective order with respect to 3,807 requests for admission recently propounded upon them by Plaintiff.  Defendants argue that the sheer number of requests is unreasonably burdensome and expensive, as well as unnecessarily duplicative.  Defendants also point out that the four sets of requests for admissions propounded by Plaintiff were coupled with a contemporaneously served interrogatory seeking information with respect to each request.  According to Defendants, the requests for admission are actually interrogatories in disguise and should be disallowed.

Plaintiff opposes the Motion for Protective Order, arguing that Defendants have failed to show good cause why they should be relieved of responding to the requests for admission.  According to Plaintiff, it followed the requirements of Rule 36(a), Fed. R. Civ. P., by separately stating each request and asking for Defendants to admit the "facts, the application of law to fact, or opinions about either."  *See*. D. E. 57 at 3-4.  Plaintiff states that the requests are necessary to narrow the issues in the case and further explains that the over 3,000 requests are merely 62 requests for admission repeated for each franchise location that allegedly performed an "unlock" of the FastManager program.  Plaintiff also cites to two District of Kansas cases in support of its contention that the sheer number of requests is insufficient to meet Defendants' burden of showing good cause for a protective order.  Finally, Plaintiff indicated that it would agree to withdraw the interrogatories served contemporaneously with the requests for admission.

During the May 26, 2011, hearing of this matter, the Court announced that it would grant the Motion for Protective Order based upon the requirements of Federal Rule of Civil Procedure 26(c).  Rule 26(c)(1) allows for a protective order precluding any type of discovery "for good cause" and

in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *See also In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987).  The burden is on the movant to show the necessity of the protective order and the movant must meet this burden with "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."  *Ekoktu v. Federal Express Corp*., 408 F. App'x 331, 336 (11th Cir. 2011) (citation omitted).  A court must balance the competing factors involved in determining whether good cause has been shown.  *See Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985); *Ekoktu*, 408 F. App'x at 336.  Although "good cause" is difficult to define in precise terms, it "generally signifies a sound basis or legitimate need to take judicial action."  *In re Alexander*, 820 F.2d at 356.

Here, the Court finds that Defendants have shown good cause to issue a protective order with respect to the 3,807 requests for admission.  First, the Court notes that Rule 36 requests for admission are not meant to be a discovery device.  Instead, the rule is "intended to weed out issues 'which the requesting party will doubtless be able to prove.'" *Point Blank Solutions, Inc. v. Toyobo America, Inc.*, 2011 WL 742657 *3 (S.D. Fla. Feb. 24, 2011) (quoting *Pickens v. Equitable Life Assur. Soc. of U.S.*, 413 F.2d 1390, 1393-94 (5th Cir. 1969)); Wright and Miller, Federal Practice and Procedure § 2253 (2010).  Next, as announced during the hearing, the Court finds the cases cited by Plaintiff, *Layne Cristenen Co. v. Purolite Co.*, 2011 U.S. Dist. Lexis 6737 (D. Kan. Jan 25, 2011), and *Heartland Surgical Specialty Hospital, LLC v. Midwest Division, Inc. d/b/a HCA Midwest et al.*, 2007 U.S. Dist. Lexis 80182 (D. Kan. 2007), to be distinguishable from the instant case.  Aside from the fact that these District of Kansas cases are not binding on this court, the cases are factually different.  *Layne* and *Heartland* involved complex cases, with multiple parties and multiple claims, and this case does not.

3

The Court also noted during the hearing that Rule 26(b)(2)(C) authorized it to limit discovery if it determined that

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.
> . . .
> (ii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Taking Rule 26(b)(2)(C) into consideration, the Court emphasized that the "unlocks" at issue in the case were performed primarily by Markulin and a former employee of Embroidme, Steve Bennett ("Bennett"). And, although Plaintiff had previously deposed Bennett, it had not yet deposed Markulin. The Court found that taking Markulin's deposition would be a more convenient means for Plaintiff to acquire the information that it desired while, at the same time, limiting the burden and expense on Defendants. The Court also considered the other circumstances of the case and found that, at this juncture, Plaintiff's nearly 4,000 requests for admission were not justified.

Overall, the Court found that Defendants established good cause for the issuance of a protective order and that Plaintiff should attempt other methods of discovery, such as deposing Markulin, before the Court would require Defendants to undertake the burden of responding to thousands of requests for admission. For all of these reasons, the Court granted Defendants' Motion for Protective Order. [D.E. 43].

**B.  Plaintiff's Motion to Compel**

Plaintiff filed its Motion to Compel seeking for the Court to compel Embroidme to "make full, complete and non-evasive disclosures" in response to its first set of interrogatories. *See* D.E. 41 at 1. More specifically, Plaintiff contends that Embroidme should be required to provide more

4

complete answers to Interrogatories 2-8.  Embroidme opposes the motion, stating that Plaintiff's Motion to Compel is untimely and that it has answered the interrogatories sufficiently.

During the May 26, 2011, hearing, the Court addressed the timeliness of the Motion to Compel as well as the specific interrogatories at issue.  The Court announced that, at least with respect to the initial interrogatory responses provided by Embroidme, Plaintiff's Motion to Compel was untimely.  As noted during the hearing, Local Rule 26.1(h)(1) provides a thirty-day time frame in which to file motions to compel.  More particularly, Local Rule 26.1(h)(1) provides,

> All motions related to discovery, including but not limited to motions to compel discovery and motions for protective order, shall be filed within thirty (30) days of the occurrence of grounds for the motion. Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought.

Local Rule 26.1(h)(1), S.D. Fla. Here, Embroidme responded to Plaintiff's first set of interrogatories on September 20, 2010, but Plaintiff did not file its Motion to Compel until March, 16, 2011, nearly six months later.  And, according to the parties, it was not until mid-February of 2011 that Plaintiff corresponded with counsel for Embroidme with respect to any alleged deficiencies regarding the interrogatory responses. Accordingly, approximately five months elapsed before Plaintiff contacted Embroidme about its discovery responses.  Consequently, the Motion to Compel was untimely.

As noted by counsel for Plaintiff, however, since the date that it served its initial responses to the interrogatories, Embroidme has supplemented its discovery responses on at least two occasions.  More specifically, Embroidme provided its first supplemental response to Plaintiff on March 14, 2011, and its second supplemental response on May 25, 2011.  Although the supplemental responses were not part of the Motion to Compel, for efficiency purposes, the Court allowed Plaintiff to direct its motion to any alleged deficiencies in the supplemental interrogatory responses since those arguments would not be time barred under the Local Rules.  The Court ruled from the bench

with respect to each of the interrogatory responses challenged and memorializes its rulings below.

### Interrogatory Number 2

Interrogatory Number 2 seeks the identity of each person having knowledge of the facts relating to or bearing upon the claims and defenses in the lawsuit. For each person identified, Embroidme was asked to include an address, telephone number, and a brief summary of the facts known. In response, Embroidme stated that it adopted and incorporated its original and supplemental Rule 26 Initial Disclosures, which included factual summaries for each individual identified. According to Embroidme, the March 14, 2011, supplemental disclosure also attached an exhibit that provided a list of the relevant franchises. Based upon the supplements received, however, Plaintiff questioned whether it had all information responsive to the interrogatory.

After hearing argument from counsel, the Court directed counsel for Embroidme to consult with its franchisees to determine whether additional information exists that was not provided in either the initial response or supplemental response to Interrogatory Number 2. The Court further directed Embroidme to certify that it had conferred with its franchisees and to set forth any additional responsive information. Alternatively, after conferring with its franchisees, if Embroidme finds that no additional responsive information exists, it should declare that no additional information exists.

### Interrogatory Number 3

Interrogatory Number 3 seeks the names of people who Embroidme intends to call as a witness at trial along with a detailed summary of each person's proposed testimony. Although Plaintiff initially sought to compel a better response to this interrogatory, during the hearing of this matter, counsel acknowledged that Embroidme had provided responsive information in its most recent supplemental response. Accordingly, it appears that Plaintiff has withdrawn its motion with

respect to Interrogatory Number 3. The Court reminded counsel for Defendants, however, that Embroidme had a continuing duty to supplement its response if any new information became available.

**Interrogatories 4 and 5**

Interrogatories 4 and 5 were not supplemented by Defendants and, for the reasons set forth above, the Court found Plaintiff's Motion to Compel to be untimely with respect to these discovery requests. Accordingly, Plaintiff's Motion to Compel is denied with respect to Interrogatories 4 and 5.

**Interrogatory Number 6**

Interrogatory Number 6 seeks the name, address, and fields of expertise for each person who Embroidme intends to call to testify as an expert witness at trial as well as the subject matter upon which each expert witness is expected to testify. Embroidme responded initially by stating that it had not yet determined who would serve as its expert witness at trial. In its supplemental responses, however, Embroidme identified Evan Dygert as an expert that it may call to testify during the trial of this matter as well as a general statement regarding the subject matter upon which Mr. Dygert is expected to testify. Plaintiff argues that it is entitled to a more detailed response with respect to the subject matter upon which the expert will testify.

During the hearing, the Court noted that in its interrogatory, Plaintiff did not request a statement disclosing Embroidme's expert's opinion, but merely the "subject matter" upon which he would testify. The Court found that the use of the term "subject matter" was broad in nature and, thus, found Embroidme's response to Interrogatory 6 to be sufficient. The Court also noted that, pursuant to the Federal Rules of Civil Procedure as well as the Local Rules, Plaintiff will receive more information regarding Mr. Dygert's expert opinion through the production of an expert witness

7

report. Plaintiff will also have the opportunity to depose the expert. Accordingly, the Court denied the Motion to Compel with respect to Interrogatory Number 6.

**Interrogatory Number 7**

Interrogatory Number 7 seeks the name, address, telephone number and e-mail address of all Embroidme franchisees that "have ever used or considered using FastManager in their Embroidme franchised businesses." Although Embroidme asserted an objection to the interrogatory, it responded to the interrogatory by providing Plaintiff with a list of all of its franchisees that have ever used the FastManager program. During the hearing, counsel for Embroidme confirmed that the most recent list of franchisees provided to Plaintiff encompassed all franchisees that have ever used FastManager but indicated that approximately twenty franshisees listed may not have used the program. With defense counsel's clarification, Plaintiff's counsel stated that he no longer took issue with the interrogatory response. Accordingly, Plaintiff's Motion to Compel is denied as moot with respect to Interrogatory number 7.

**Interrogatory Number 8**

Interrogatory Number 8 seeks all facts that support Embroidme's defense based upon 17 U.S.C. § 1203(c)(5)(A), identifying every document, communication, and piece of electronically stored information upon which it intends to rely for the defense, and identifying all witnesses with knowledge of the facts supporting the defense. In its supplemental response, Embroidme identified a handful of individuals with knowledge regarding its defenses. Embroidme also identified the 2007 Settlement Agreement between the parties as well as the Licensing Agreement as documents upon which it will rely for its defenses.

During the hearing, counsel for Plaintiff announced his uncertainty as to whether any other documents, particularly information stored electronically, existed and would be used by Embroidme

8

in relation to its defenses. The Court questioned counsel for Embroidme with respect to the existence of any electronically stored information and defense counsel responded that he was not aware of any such information, but would supplement the discovery request if any was found. At this time, Plaintiff presented no reason to believe that additional responsive information existed. Accordingly, the Court denied the Motion to Compel with regard to Interrogatory Number 8 at this time. The Court further stated that Plaintiff was to proceed with the deposition of Markulin during which it could inquire about additional "unlocks" that had allegedly occurred. If Plaintiff was not satisfied with Markulin's response, then it could make an appropriate motion at that time. The Court, however, emphasized that if any documents exist upon which Markulin would be expected to testify during her deposition, Embroidme must turn over the documents immediately. If additional documents are uncovered by Embroidme after Markulin's deposition, the deposition will remain open for further questioning by Plaintiff with respect to those documents.

### C.  Request for Sanctions Regarding Motion to Compel

Plaintiff alleges that Embroidme's responses to the interrogatories are incomplete, inadequate, and evasive and should be construed as a failure to answer. Plaintiff seeks for the Court to award attorney's fees as a sanction against Embroidme pursuant to Rule 37(a)(5), Fed. R. Civ. P., for failure to provide complete answers as required by Rule 33. Likewise, Embroidme argues that it is entitled to an award of sanctions against Plaintiff. According to Embroidme, Plaintiff's Motion to Compel was untimely and baseless and, thus, the Court should grant Embroidme leave to move for sanctions under Rule 37(a)(5)(B), Fed. R. Civ. P.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that the court shall require reasonable expenses incurred in making the motion, including attorney's fees, to be paid by the opposing party, unless the movant filed the motion before attempting in good faith to obtain the discovery without court action, the opposing party's opposition to the protective order was "substantially justified, or that other circumstances make an award of expenses unjust." "The Supreme Court has clarified that [a party's] discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental Amer. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997).

Here, the Court denies JCW's request for sanctions, as JCW untimely filed its motion. Moreover, reasonable people could differ as to the appropriateness of Embroidme's supplemental discovery responses. As for Embroidme's request for sanctions, Plaintiff successfully challenged some of Embroidme's supplemental interrogatory responses. Accordingly, the circumstances of this matter make an award of expenses to Defendant unjust.

**DONE** and **ORDERED** at Fort Lauderdale, Florida this 31st day of May, 2011.

_____
ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:   Honorable William J. Zloch
      counsel of record